Allen, J.
On the 24th of September 1835, the appellant instituted a suit in chancery against Hunt in the circuit court of Russell county, by suing out his subpoena. The subpoena, it appears from the record, is lost. On the 4th of January 1836, the plaintiff filed his bill, *207 which was in the nature of a foreign attachment, 0 seeking to charge the lands of the defendant as an absent debtor. The defendant Hunt has never appeared, and at a subsequent period an order of publication was taken against him; whether upon any, or, if any, a proper affidavit, it is not necessary to enquire in the present condition of the cause. An order of valuation was also taken out and executed. Afterwards, on the 20th September 1836, White and Jaclcson filed their petitions, alleging that they were purchasers of the lands of Hunt sought to be charged, and had received conveyances of the same, and asking to be made defendants to defend their rights. An amended bill was thereupon filed, by direction of the court, making them defendants. On the 19th of April 1837, the defendants White and Jaclcson filed their plea in abatement, in which, without averring or in any manner shewing that they had any interest in the subject, they allege that the original defendant Hunt was, at the date of the subpoena, a resident of the county of Russell and state of Virginia, subject to the process of the common law courts of said county, and possessed of personalty sufficient to discharge the debts due by him to the complainant. To this plea the complainant replied generally, and the cause was continued, with leave to the complainant to amend his bill. At the October rules 1837 the amended bill was filed, alleging that the claims of White and Jaclcson were fraudulent. At the April term 1838, the complainant, upon leave, withdrew his replication to the plea, and demurred. His demurrer was overruled, and he again replied. A jury was sworn to try the issue; and after some proceedings (certainly very irregular, but not necessary to be detailed) the jury was discharged, the defendants had leave to withdraw their plea, and the cause was sent to the rules. At the August rules 1838, the defendants White and Jaclcson again pleaded in abatement, that *208 Hunt was a resident at the date of the subpoena, and that the subpoena was executed on him. At the April term, the complainant objected to the filing of the plea. His objections were overruled. He thereupon replied ; and a jury was sworn, which found that Hunt was a resident of the county of Russell until the 9th of October 1835. The cause was then placed on the docket; and coming on for hearing upon the bills and verdict, the court, being of opinion that it had no jurisdiction, dismissed the bill with costs.
The whole proceeding, it seems to me, after the order making the petitioners While and Jackson defendants, was irregular. Whether Hunt was a nonresident or not was a question foreign to them, until by their answers they had shewn that they had an interest in the controversy. So far as this record discloses, they may have been mere strangers, having no right to intermeddle. Their petition is only a part of the case for the purpose of their being made defendants. If they had shewn by their answers and the proofs, that they were bona fide purchasers of the land before the filing of the bill but after the date of the subpoena, it might then have been necessary to determine, upon enquiry into the nature of the subpoena and endorsement, or in the absence of any proof touching it, at what lime the lien of the plaintiff attached; whether at the date of the subpoena, or the filing of the bill.* But as the case has proceeded, the plaintiff, though he may have had the clear right, taking either period, to subject the land to his debt, has been turned out of court at the instance of defendants who may never have had any claim to the land. I think, therefore, that the court should have sustained the demurrer to the first *209 plea, and should have disallowed the second; and that for this reason the decree should be reversed, the pleas rejected, and all the proceedings under them set aside, and the cause remanded with leave to the defendants to answer, and for such other proceedings as may be deemed necessary to mature the cause for hearing and final decree upon the original and amended bills.
The other judges concurring, a decree was entered accordingly.

 Note by the reporter. In the petitions, the conveyances to the purchasers were stated to have been made, one of them on the 6th, and the other on the 7th of October 1835; being in the interval between the date of the subpoena and the time of filing the bill.